EASTERN DIS.
*April*, 1841.

HEATH
*vs.*
LOCKE ET AL.

**HEATH vs. LOCKE ET AL.**

APPEAL FROM THE COMMERCIAL COURT OF NEW ORLEANS.

Where an agreement bears intrinsic evidence that the consideration had passed at its date, no evidence touching an averment of failure of consideration will be received.

This is an action by Robert Heath, who alleges that he carries on mercantile business under the firm of S. Heath & Co., and that the defendants are indebted to him in the sum of $2560 49, with costs of protest and interest; being for the amount of their promissory note, executed by Samuel Locke & Co., payable to the order of S. Heath & Co., sixty days after the 4th April, 1840.

The plaintiff further states that by a written agreement of even date with said note, signed by S. Locke & Co., they bound themselves to pay ten per cent. interest on the amount of the note from maturity until paid.

The defendants pleaded a general denial; they admitted however their signatures to the instrument sued on, averring a failure of consideration of the agreement, &c.

It appeared that in consideration of reducing a former note from $3056 20, to the sum of $2560 49, and paying ten per cent. interest, the plaintiff consented to renew the note for the latter sum sixty days longer.

The defendants offered parol evidence to prove a failure of consideration, which was objected to, and excluded by the court.

There was judgment for the plaintiff and the defendants appealed.

*Peyton & Smith*, for the plaintiff.

*Durell*, for the defendants.

*Martin, J.* delivered the opinion of the court.

The defendants being sued on their promissory note and an agreement in writing to pay ten per cent. interest thereon, did

not deny their signature, but the plaintiff's right to sue; and EASTERN DIS.
pleaded several matters in defence of which they do not appear *April*, 1841.
to have given any evidence.   There is, however, a bill of excep-     HEATH
tion taken by them to the opinion of the court, rejecting parol LOCKE ET AL.
evidence of the failure of the consideration of the written agree-
ment above stated, which is in the following words:

"NEW ORLEANS, 4th April, 1840.

"In consideration of Messrs. S. Heath & Co., renewing our
note for $3056 20, due this day, we bind ourselves to pay them
at the rate of ten per cent. per annum interest on the renewed
note from maturity till final payment of the whole debt.

Signed,                          S. LOCKE & CO."

This agreement bears intrinsic evidence that the considera-     Where an
                                                            agreement bears
tion had *passed* at its date, and therefore could not fail.   The intrinsic evi-
                                                            dence that the
note sued on bears even date with the agreement, and is evi- consideration
dently the one given in renewal of the former, which was for had passed at its
                                                            date, no evidence
five hundred dollars more; that sum being, as is stated in the touching   an
                                                            averment of fai-
answer, the amount which was to be deducted on the re- lure of conside-
                                                            ration will be
newal.                                                      received.

The petition alleges that the plaintiff traded under the firm
of S. Heath & Co., and the defendants dealt with him as such.
This was not denied in any manner; there was consequently
no necessity to prove it.   The plaintiff had clearly the right to
sue him on this contract, and he correctly did so in his own
name; adding thereto the style of the firm under which he
dealt with the defendant.

It does not appear that the court erred.   No part of the de-
fence set up is sustained by any evidence.

It is therefore ordered, adjudged and decreed that the judg-
ment of the Commercial Court be affirmed with costs and five
per cent. damages.